1
2
3
4
5
6
7
8                           UNITED STATES DISTRICT COURT
9                          SOUTHERN DISTRICT OF CALIFORNIA
10
11   STEPHEN FLOYD ULLRICH,              )   Civil No. 05cv1051-L (POR)
                                         )
12                  Petitioner,          )
                                         )   **ORDER ADOPTING REPORT AND**
13   v.                                  )   **RECOMMENDATION AND**
                                         )   **DISMISSING ACTION AS**
14   STATE OF CALIFORNIA ATTORNEY        )   **UNTIMELY**
     GENERAL et al.,                     )
15                                       )
                    Respondents.         )
16                                       )
                                         )
17   _____  )

18        Petitioner, a state prisoner proceeding in *pro se*, filed a Petition for Writ of Habeas

19   Corpus pursuant to 28 U.S.C. § 2254. The case was referred to United States Magistrate Judge

20   Louisa S. Porter for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and

21   Civil Local Rule 72.3.

22        Respondents moved to dismiss, arguing Petitioner did not satisfy the "in custody"

23   requirement, the Petition was untimely, and Petitioner failed to exhaust state court remedies.

24   Petitioner opposed the motion by filing Petitioner's Response to States [*sic*] September 7, 2005

25   Pleadings.  Respondents did not file a reply.  Pursuant to 28 U.S.C. § 636(b)(1), Judge Porter

26   issued a Report and Recommendation Granting Respondents' Motion to Dismiss Petition for

27   Writ of Habeas Corpus.  Petitioner objected by filing Objection to 12 Jan. 06 Report and

28   Recommendation and filed a Motion to Attach Facts, requesting the court to consider the

1  attached exhibits.  On July 3, 2006 the court issued an Order Granting Petitioner's Motion to
2  Attach Facts and Remanding Case to Magistrate Judge for Further Briefing, and gave Petitioner
3  an opportunity to show why his Petition was not untimely filed or why either statutory or
4  equitable tolling extends the statute of limitations in his case.  After additional briefing, Judge
5  Porter issued a Report and Recommendation of United States Magistrate Judge Re Granting in
6  Part and Denying in Part Motion to Dismiss Petition for Writ of Habeas Corpus ("Report and
7  Recommendation"), which recommends denying Respondents' motion to dismiss to the extent it
8  is based on exhaustion of state court remedies and fugitive disentitlement doctrine, and grating it
9  on the statute of limitations basis.  Petitioner did not timely file objections.  For the reasons
10  which follow, the Report and Recommendation is **ADOPTED**, Respondents' motion to dismiss
11  is **DENIED IN PART AND GRANTED IN PART**, and the Petition is **DISMISSED** as
12  untimely.

13      A district judge "may accept, reject, or modify the recommended decision" on a
14  dispositive matter prepared by a magistrate judge proceeding without the consent of the parties
15  for all purposes.  Fed. R. Civ. P. 72(b); *see* 28 U.S.C. § 636(b)(1).  "The court shall make a *de*
16  *novo* determination of those portions of  the [report and recommendation] to which objection is
17  made."  28 U.S.C. § 636(b)(1).  Section 636(b)(1) does not require some lesser review by the
18  district court when no objections are filed.  *Thomas v. Arn*, 474 U.S. 140, 149-50 (1985).  The
19  "statute makes it clear that the district judge must review the magistrate judge's findings and
20  recommendations *de novo if objection is made, but not otherwise*." *United States v.*
21  *Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*) (emphasis in the original); *see*
22  *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1225-26 & n.5 (D. Ariz. 2003) (applying
23  *Reyna-Tapia* to habeas review).

24      The Report and Recommendation sets February 20, 2007 as the last date to file
25  objections.  Petitioner did not timely object.  On June 19, 2007 he submitted a Motion to Vacate
26  / / / / /
27  / / / / /
28  / / / / /

05CV1051

and a Petition for Permission to Augment Fact.[1]  These pleadings were rejected for failure to include a proof of service.

Upon his guilty plea in state court to felony shoplifting (petty theft) with a prior, Petitioner was sentenced on April 10, 1997 to one year in custody and three years' probation. He did not file his federal petition until May 12, 2005.  The  Antiterrorism and Effective Death Penalty Act ("AEDPA") governs this case because the petition was filed after April 24, 1996. *Gill v. Ayers*, 342 F.3d 911, 917 (9th Cir. 2003).  The AEDPA provides for a one-year statute of limitations.  28 U.S.C. § 2244(d).  Generally, the one-year period begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time to seek such review."  *Id*. § 2244(d)(1)(A).  For the reasons stated in the Report and Recommendation, no exceptions or tolling are applicable in this case, the petition was untimely filed, and must therefore be dismissed.

The court concurs with the magistrate judge's analysis of Respondents' exhaustion and fugitive disentitlement arguments, and finds they are insufficient to support dismissal.

For the foregoing reasons, the Report and Recommendation is **ADOPTED**. Respondents' motion to dismiss is **GRANTED** insofar as it is based on the statute of limitations, and **DENIED** in all other respects.  The Petition is **DISMISSED** as untimely.

**IT IS SO ORDERED**.

DATED:  July 9, 2007

_____
M. James Lorenz
United States District Court Judge

COPY TO:

HON. LOUISA S. PORTER
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL

---

[1]   Petitioner also submitted an Appeal to District Court of Magistrate Decision, which refers to the October 10, 2006 Order Denying Without Prejudice Petitioner's Request for Appointment of Counsel.  This pleading was rejected for failure to include a proof of service. Furthermore, it was untimely pursuant to Federal Rule of Civil Procedure 72(a).

05CV1051