UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN FLOYD ULLRICH,<br><br>　　　　　　　Petitioner,<br><br>　v.<br><br>STATE OF CALIFORNIA ATTORNEY GENERAL et al.,<br><br>　　　　　　　Respondents. | Civil No. 05cv1051-L (POR)<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION** |

　　　Petitioner, a state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition"). The case was referred to United States Magistrate Judge Louisa S. Porter for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Civil Local Rule 72.3. By order filed July 9, 2007, the court dismissed the petition as untimely, and a judgment was entered on July 10, 2007. On July 23, 2007, Petitioner filed a Motion for Reconsideration of Dismissal. The court accepted and reviewed two sets of subsequently-filed supplemental briefs in support of Petitioner's motion for reconsideration.[1] For the reasons which follow, Petitioner's motion for reconsideration is **DENIED**.

---

[1] The court notes that each set of supplemental briefs, filed July 30, 2007 and January 2, 2008, is styled as another "motion." To the extent Petitioner intended these pleadings to constitute additional motions, the motions are **DENIED** for the reasons stated herein.

Petitioner challenges his state court petty theft conviction, which became final on June 9, 1997. The Petition was filed almost eight years later, on May 12, 2005. Respondent filed a motion to dismiss arguing, among other things, that the Petition was untimely under the one-year statute of limitations pursuant to 28 U.S.C. § 2244(d). The Magistrate Judge issued a report and recommendation recommending dismissal. Petitioner filed objections together with additional evidence. The court considered Petitioner's additional evidence, and remanded the Petition to the Magistrate Judge for further briefing to give Petitioner an opportunity to brief whether either statutory or equitable tolling applied to extend the statute of limitations in his case. After additional briefing, the Magistrate Judge issued a report and recommendation again recommending to dismiss the Petition as untimely. Petitioner did not timely file objections, and the court adopted her report and recommendation. The Petition was dismissed and a judgment was entered. In his pending motion, Petitioner requests the court to reconsider the dismissal.

When a habeas petitioner raises a new constitutional challenge to a state court conviction for the first time in a motion to reconsider, the motion may be construed as a "second or successive" petition and denied on that ground. *See Cooper v. Calderon*, 274 F.3d 1270, 1273-74 (9th Cir. 2001); *see also Hamilton v. Newland*, 374 F.3d 822, 824-25 (9th Cir. 2004). This is not the case here, where Petitioner moves the court to reconsider a claim it has already decided. *See Hamilton*, 374 F.3d at 825. It is appropriate to rule on a motion for reconsideration where a petitioner challenges a court's ruling that the statute of limitations bars his claims, as is the case here. *See id.; but see Ortiz v. Stewart*, 195 F.3d 520 (9th Cir. 1999).

Petitioner does not specify whether his motion is brought pursuant to Rule 59(e) or 60(b). Because the motion was filed within the time prescribed by Rules 59(e) and 6(a), the court considers it under Rule 59(e) and 60(b) standards.

Federal Rule of Civil Procedure 60(b) provides in pertinent part:

> On motion and just terms, the court may relieve a party . . . from a final judgment . . . for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or

>vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. . . .

It is within the court's discretion to grant or deny a Rule 60(b) motion. *United States v. Alpine Land and Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993). Petitioner does not specify which of the grounds enumerated in Rule 60(b) form the basis for his motion.

If the motion is construed as based on a Rule 60(b)(1) mistake by the court, Petitioner must show that the court committed a specific error. *Straw v. Bowen*, 866 F.2d 1167, 1172 (9th Cir. 1989). Petitioner disagrees with the dismissal. However, he presents no new evidence, legal theory or factual basis in his motion. He apparently seeks to have the court change the judgment because he disagrees with the result. Reconsideration under this circumstance is unwarranted.

Petitioner does not point to any evidence discovered after his last opportunity for briefing so as to justify relief under Rule 60(b)(2).

The court next considers the motion under Rule 60(b)(6), the only remaining ground which could potentially apply. "[C]lause (6) acts as a catch-all allowing the court to grant relief for 'any other reason justifying relief from the operation of the judgment.'" *Hamilton*, 374 F.3d at 825, quoting Fed. R. Civ. P. 60(b)(6). This provision has been "used sparingly and as an equitable remedy to prevent manifest injustice." *Id.* (internal quotation marks and citation omitted). A party is entitled to relief under Rule 60(b)(6) if he demonstrates "extraordinary circumstances" to justify relief. *Straw*, 866 F.2d at 1172. Petitioner does not point to any extraordinary circumstances justifying relief from the judgment.

"Although Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enter., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks omitted). A Rule 59(e) motion "should not be granted absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). It is within the discretion of the

district courts to grant or deny the motion. *See United States v. Desert Gold Mining Co.*, 433 F.2d 713, 715 (9th Cir. 1970).

Petitioner does not rely on any newly discovered evidence or change in controlling law, and he does not point to any clear error in the finding that his Petition was time barred. Furthermore, he does not identify any "highly unusual circumstances" to justify relief from judgment.

For the foregoing reasons, Petitioner's motion for reconsideration is **DENIED**.

**IT IS SO ORDERED**.

DATED: January 22, 2008

M. James Lorenz
United States District Court Judge

COPY TO:

HON. LOUISA S. PORTER
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL