UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN FLOYD ULLRICH,<br><br>        Petitioner,<br><br>v.<br><br>STATE OF CALIFORNIA ATTORNEY GENERAL et al.,<br><br>        Respondents. | Civil No. 05cv1051-L (POR)<br><br>**ORDER DENYING CERTIFICATE OF APPEALABILITY** |

Petitioner, a state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition"). By order filed July 9, 2007, the court dismissed the petition as barred by the statute of limitations. Petitioner's Motion for Reconsideration of Dismissal was denied. On January 15, 2008, Petitioner filed a Notice of Appeal. Pursuant to 28 U.S.C. § 2253(c), a certificate of appealability ("COA") is **DENIED**.

Title 28 U.S.C. § 2253 governs the appealability of habeas corpus petitions. It provides in pertinent part:

> (c)(1)  Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--
> (A)  the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; . . .

/ / / / /

1  Although Petitioner filed a Notice of Appeal, he has not filed a request for a certificate of appealability.  Nevertheless, "[i]f an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue."  Fed. R. App. Proc. 22(b)(1).

"A certificate of appealability should issue only if the petitioner has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  Where, as here, the district court dismisses the petition on procedural grounds, a certificate of appealability should issue only if the petitioner can show: (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling;' and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'"  *Rosas v. Nielsen*, 428 F.3d 1229, 1233 (9th Cir. 2005), quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Petitioner challenges his state court petty theft conviction, which became final on June 9, 1997.  The Petition was filed almost eight years later, on May 12, 2005.  The Petition was dismissed as untimely under the one-year statute of limitations pursuant to 28 U.S.C. § 2244(d). After giving Petitioner an opportunity to brief statutory and equitable tolling, the court concluded Petitioner failed to show the statute of limitations was tolled for a sufficient period of time to render his Petition timely.  The court finds that jurists of reason would not find it debatable whether the Petition was untimely.

For the foregoing reasons, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED**.

DATED:  January 22, 2008

                                                M. James Lorenz
                                                United States District Court Judge

COPY TO:

HON. LOUISA S. PORTER
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL