UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN FLOYD ULLRICH,<br><br>　　　　　Petitioner,<br><br>v.<br><br>STATE OF CALIFORNIA ATTORNEY GENERAL et al.,<br><br>　　　　　Respondents. | Civil No. 05cv1051-L (POR)<br><br>**ORDER FINDING NOTICE OF APPEAL TIMELY AND DENYING AS MOOT PETITION FOR PERMISSION TO FILE A LATE APPEAL** |

Petitioner, a state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition"). By order filed July 9, 2007, the court dismissed the petition as barred by the statute of limitations and judgment was entered on July 10, 2007. On January 15, 2008, Petitioner filed a Notice of Appeal together with a Petition for Permission to File a Late Appeal, addressed to the Ninth Circuit Court of Appeals. The court construes the Petition for Permission to File a Late Appeal as a motion for extension of time to file notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(5)(A). Because the court finds Petitioner's notice of appeal was timely filed, his motion is **DENIED AS MOOT**.

On July 23, 2007, Petitioner filed a Motion for Reconsideration of Dismissal. The court construed the motion as a motion pursuant to Rule 59(e) or in the alternative pursuant to Rule 60(b). If a timely motion to alter or amend judgment under Rule 59 or for relief under Rule 60,

1  if the Rule 60 motion is filed no later than 10 days after the judgment is entered, is filed in the
2  district court, "the time to file an appeal runs for all parties from the entry of the order disposing
3  of" such motion.  Fed. R. App. P. 4(a)(4)(A).  The judgment was entered on July 10, 2007.  For
4  the tolling provision of Rule 4(a)(4)(A) to apply, an appellant must file a timely Rule 59 motion.
5  A Rule 59 motion is timely if it is filed "no later than 10 days after the entry of judgment."  Fed.
6  R. Civ. P. 59(e).  The same time limit applies to a Rule 60 motion.  Fed. R. App. P.
7  4(a)(4)(A)(vi).  Pursuant to Rule 6(a)(2), intermediate Saturdays, Sundays and legal holidays are
8  excluded when the period is less than 11 days.  Judgment was entered on July 10, 2007.
9  Petitioner's motion to reconsider was filed on July 23, 2007, less than ten days after the entry of
10 judgment, when intermediate Saturdays and Sundays are excluded.  Petitioner's motion to
11 reconsider was therefore timely filed for purposes of tolling under Rule 4(a)(4)(A).  The time to
12 file a notice of appeal did not start to run until the entry of the order on Petitioner's motion to
13 reconsider.
14      The order on motion to reconsider was entered on January 22, 2008, and Petitioner's
15 notice of appeal was filed on January 15, 2008.  If a party files a notice of appeal after the court .
16 . . enters a judgment -- but before it disposes of any motion listed in Rule 4(a)(4)(A) -- the notice
17 becomes effective . . . when the order disposing of the last such remaining motion is entered."
18 Fed. R. App. P. 4(a)(4)(B).  Accordingly, the notice of appeal was timely filed.
19      Because the court finds that the notice of appeal was timely filed, the Petition for
20 Permission to File a Late Appeal is **DENIED AS MOOT**.
21      **IT IS SO ORDERED**.
22
23 DATED: January 23, 2008
24
                                    M. James Lorenz
25                                  United States District Court Judge
   COPY TO:
26
   HON. LOUISA S. PORTER
27 UNITED STATES MAGISTRATE JUDGE
28 ALL PARTIES/COUNSEL